**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 8, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY A. HERNANDEZ,

Defendant - Appellant.

No. 25-2086
(D.C. No. 1:21-CR-01832-DHU-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.
_____

A jury convicted Anthony Hernandez of being a felon in possession of

a firearm in violation of 18 U.S.C. § 922(g)(1). Hernandez challenges the

sufficiency of the evidence, arguing an eyewitness's observation was

---

* After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the
briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).
The case is therefore submitted without oral argument.

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Federal Rule
of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

compromised and no forensic evidence tied him to the firearm. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

## A

On October 26, 2021, at approximately 2:30 a.m., Jane Doe[1] was lying in bed when she heard a gunshot.[2] She did not see the shot being fired, but when she looked out her bedroom window, she saw a man outside a neighboring apartment "waving [a] gun, yelling, [and] moving around back and forth." R. III at 31. Feeling "scared," she called 911 and described the man as wearing a white backpack. R. III at 32. "[A] couple minutes later," she recognized Hernandez as the "boyfriend or ex-boyfriend of [a] neighbor" by "[h]is voice, his face, [and] seeing him in the light." R. III at 28. She estimated that she had seen him approximately seven times over the preceding two months. At some point, Hernandez put the gun "in his pocket . . . or somewhere." R. III at 33. She continued to watch him until police officers arrived and made contact with him.

---

[1] The parties refer to the eyewitness by the pseudonym "Jane Doe." *See* Aplt. Opening Br. at 2 n.1. We do the same.

[2] We draw the facts from the evidence presented at trial. *United States v. Stepp*, 89 F.4th 826, 829 n.1 (10th Cir. 2023).

Albuquerque police officers arrived at the apartment complex and saw Hernandez, who appeared to match Doe's description. Hernandez went behind a wall and officers called to him. He came out wearing two white backpacks, one in front and one in back. Officers detained him and found he was unarmed. They then went behind the wall and found a 9-mm pistol on the ground "in arm's-reach" of where Hernandez had been standing. R. III at 125. A search of the area also produced a shell casing near where Doe first observed him. Doe confirmed that Hernandez was the man she had observed with the gun, and officers then arrested him.

## B

A grand jury indicted Hernandez on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He pleaded not guilty and proceeded to trial. At the close of the government's evidence, Hernandez moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The district court denied the motion. The jury returned a guilty verdict and the court sentenced Hernandez to 47 months' imprisonment with three years of supervised release.[3] Hernandez timely appealed.

---

[3] The court set the term of imprisonment to run concurrently with a separate offense.

## II

Hernandez argues the evidence was insufficient to support his conviction for being a felon in possession of a firearm. We review that challenge de novo, recognizing that once the jury returns a guilty verdict, appellate courts grant significant deference to the jury's determination. *See United States v. Dewberry*, 790 F.3d 1022, 1028 (10th Cir. 2015). We "view[] the evidence and the reasonable inferences drawn from it in the light most favorable to the government" and will reverse only if the defendant convinces us that "no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hale*, 762 F.3d 1214, 1222–23 (10th Cir. 2014) (internal quotation marks omitted). And the defendant must do so without asking us to "weigh conflicting evidence" or "consider the credibility of witnesses." *United States v. McKissick*, 204 F.3d 1282, 1289 (10th Cir. 2000) (internal quotation marks omitted).

To convict under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that "(1) [the defendant] is a convicted felon; (2) he knowingly possessed a firearm or ammunition; and (3) the [firearm or ammunition] was in or affecting interstate commerce."[4] *United States v.*

---

[4] At trial, Hernandez stipulated to his status as a convicted felon and to the interstate commerce clause element. *See* R. III at 20–21.

4

*Morales*, 758 F.3d 1232, 1235 (10th Cir. 2014). Hernandez challenges only the second element—whether the evidence was sufficient to establish that he knowingly possessed a firearm.[5]

We conclude that sufficient evidence supported the jury's finding that Hernandez knowingly possessed a firearm. Doe saw Hernandez holding a gun outside a neighboring apartment and recognized him as someone she had seen approximately seven times over the preceding two months. She called 911, described Hernandez, and watched him until officers arrived. Officers encountered Hernandez at the scene, who matched the description Doe had provided, and recovered a firearm within arm's reach of where he had been standing. Doe then identified Hernandez as the man she had seen with the gun. On this record, a rational jury could find beyond a reasonable doubt that Hernandez knowingly possessed a firearm.

Hernandez's contrary arguments do not disturb that conclusion. Hernandez contends the conditions surrounding Doe's observation undermine the reliability of her testimony such that it cannot support the

---

[5] Hernandez's opening brief addresses both actual and constructive possession. Aplt. Opening Br. at 7–10. The government, however, tried this case on an actual-possession theory and does not argue constructive possession on appeal. Answer Br. at 6 n.4. We therefore address only actual possession. *United States v. Thompson*, 133 F.4th 1094, 1098 (10th Cir.), *cert. denied*, 146 S. Ct. 274 (2025) ("Actual possession exists when a person has direct physical control over a thing." (internal quotation marks and emphasis omitted)).

conviction. He points to the nighttime setting, that she was afraid, the brief duration of her observation, and the discrepancy between her description and what officers encountered.[6] *See* Opening Br. at 7–8; Reply Br. at 2–3. We disagree. Even if these arguments were compelling at trial, they go to the weight and credibility of Doe's testimony, not to its legal sufficiency on appeal. The jury heard about the conditions of Doe's observation, including through cross-examination. We do not reweigh the jury's determination on these issues. *See McKissick*, 204 F.3d at 1289–90.

Hernandez also argues that the absence of forensic evidence—no DNA, fingerprints, gunshot residue, or ballistics comparison between the recovered shell casing and firearm—undermines the verdict. But sufficiency review focuses on the evidence the jury *had*, not the evidence it lacked. *See Matthews v. Workman*, 577 F.3d 1175, 1185 (10th Cir. 2009). Accordingly, our review asks only whether the record contains enough evidence that a

---

[6] Hernandez asserts that Doe described the firearm as black when the recovered firearm was actually purple. Aplt. Opening Br. at 8. The government's Answer Brief does not dispute this characterization. Answer Br. at 4, 11. Neither party, however, has directed us to a point in the record where Doe testified to the color of the firearm, nor does it appear the issue was raised on her cross-examination. *See* R. III at 35–43. In Hernandez's Rule 29 argument to the district court, defense counsel described the firearm as "purple and black," consistent with the exhibits shown to the jury. R. III at 135; *see* Gov't Exs. 20–22. Regardless, any discrepancy between Doe's description and the recovered firearm also goes to credibility, which is a matter for the jury.

rational jury could find guilt beyond a reasonable doubt, not whether the government presented any particular evidence or form of proof. The evidence here meets that standard.

Finally, Hernandez invokes *United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998), arguing that his conviction rests on inference piled upon inference. We disagree. The inferential chain here is short and direct: an eyewitness observation corroborated by his presence and physical evidence. Doe heard a shot, saw a man holding a firearm, and recognized him as Hernandez. Officers encountered Hernandez and recovered a firearm near where he had been standing. *Valadez-Gallegos* is not to the contrary. That case involved constructive possession of contraband hidden in a vehicle, where the *only* link between the defendant and the drugs was proximity and inconsistent statements. *Id.* Here, a rational jury could – and did – conclude that Hernandez knowingly possessed a firearm. *See Dewberry*, 790 F.3d at 1028.

Affirmed.

Entered for the Court

Richard E.N. Federico
Circuit Judge